IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| JANICE MARIE MCDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:16-cv-493-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*,[1] | ) ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on United States Magistrate Judge Shiva V. Hodge's Report and Recommendation ("R&R") that this court reverse and remand Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying plaintiff Janice Marie McDaniel's ("McDaniel") application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Commissioner filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

McDaniel filed an application for DIB and SSI on November 8 and November 3, 2011, respectively, alleging disability beginning on August 31, 2008. The Social

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

Security Agency denied McDaniel's claim initially and on reconsideration. McDaniel requested a hearing before an administrative law judge ("ALJ"), and ALJ Frederick W. Christian held a hearing on December 17, 2013.

The ALJ issued a decision on August 27, 2014, finding McDaniel not disabled under the Social Security Act. McDaniel requested Appeals Council review of the ALJ's decision. The Appeals Council denied McDaniel's request for review, rendering the ALJ's decision the final decision of the Commissioner. On February 18, 2016, McDaniel filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on November 30, 2016, recommending that this court reverse and remand the ALJ's decision. The Commissioner filed objections to the R&R on December 16, 2016, to which McDaniel responded on January 3, 2017. The matter is now ripe for the court's review.

### B. Medical History

Because McDaniel's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. McDaniel was born on February 22, 1962, and was 46 years old on the alleged onset date. She has a ninth grade education and past relevant work experience as a cashier checker and a hotel clerk.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) "is currently engaged in substantial gainful activity;" (2) "has a severe impairment;" (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, "which warrants a finding of disability without considering vocational factors;" (4) if not, whether the claimant has an impairment that prevents him or her from performing past relevant work; and (5) if so, "whether the claimant is able to perform other work considering both his [or her] remaining physical and mental capacities" (defined by his or her residual functional capacity) and his or her "vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981); 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether McDaniel was disabled from August 31, 2008, through the date last insured, December 31, 2013. The ALJ first determined that McDaniel did not engage in substantial gainful activity during the period at issue. Tr. 19. At the second step, the ALJ found that McDaniel suffered from the following severe impairments: chronic obstructive pulmonary disease, asthma, obesity, fibromyalgia, depression, obstructive

sleep apnea, and degenerative disc disease.[2] Tr. 19. At step three, the ALJ found that McDaniel's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 19–21; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined McDaniel had the residual function capacity ("RFC") to perform light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b). Tr. 21. Specifically, the ALJ found that McDaniel could lift and/or carry (including upward pulling) twenty pounds occasionally and ten pounds frequently; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour day; sit (with normal breaks) for a total of about six hours in an eight-hour day except no exposure to excessive dust, fumes, gases, odors or other atmospheric pollutants, nor to extremes of temperature and humidity; never climb ladders, ropes, or scaffolds; and occasionally climb stairs, stoop, kneel, crouch, or crawl; and is limited to unskilled work. Tr. 21. The ALJ found at step four that McDaniel was unable to perform any past relevant work. Tr. 31. Finally, at step five, the ALJ determined that, considering McDaniel's age, education, work experience, and RFC, she could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue. Tr. 32.

---

[2] The ALJ acknowledged McDaniel's allegations of bilateral carpal tunnel syndrome ("CTS") and a right carpal tunnel release in September 2013. Tr. 19. However, the ALJ noted that the carpal tunnel release "is not documented in the record and [McDaniel's] extensive physical examinations do not refer to CTS, complaints regarding the use of her hands or of any limitations noted on physical examination on the use of her hands." Tr. 19. Therefore, at step two, the ALJ found that despite McDaniel's testimony, there is "no evidence to support her allegations regarding pain and limitation on the use of her hands." Tr. 19.

4

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

## III. DISCUSSION

The Commissioner objects to the R&R on two grounds, arguing that the magistrate judge erred in: (1) finding that the ALJ's reliance on the state agency medical doctors' opinions to support his decision that McDaniel's fibromyalgia limited her to light work is misplaced; and (2) finding that the ALJ shall reconsider the RFC in light of McDaniel's alleged CTS and gastroesophageal reflux disease ("GERD"). Def.'s Objs. 1. The Court need not address the Commissioner's first objection because the magistrate judge recommends remand for reconsideration of McDaniel's RFC with respect to CTS and GERD, not fibromyalgia. Therefore, the court will address only the Commissioner's second objection.

As stated above, the magistrate judge recommends that this case be remanded for reconsideration of McDaniel's RFC, specifically with respect to her alleged limitations related to CTS and GERD. Tr. 45, 49. The Commissioner objects, arguing that the ALJ did not include functional limitations concerning CTS and GERD because McDaniel "failed to establish <u>any</u> functional limitations related to her alleged [CTS] or GERD." Def.'s Objs. 5–6. In response, McDaniel claims that the magistrate judge correctly identified the ALJ's failure to consider limitations related to her pain from CTS and GERD. Resp. to Objs. 2.

When determining a claimant's RFC, the ALJ "'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations.'" Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). The ALJ must take into account "all of [the

claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." Id. (alterations in original) (citation omitted). The ALJ must "'consider all [the claimant's] symptoms, including pain, and the extent to which [his] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.'" Id. (alterations in original) (quoting 20 C.F.R. § 404.1529(a)). If laboratory findings and medical signs demonstrate the claimant has "'a medically determinable impairment(s) that could reasonably be expected to produce [his] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [his] symptoms limit [his] capacity to work.'" Id. (alterations in original) (quoting 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1)).

"The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); see also Monroe, 826 F.3d at 188 (quoting SSR 96-8p, 1996 WL 374184, at *7) ("'In all cases in which symptoms, such as pain, are alleged, the RFC assessment must . . . [i]nclude a resolution of any inconsistencies in the evidence as a whole' and '[s]et forth a logical explanation of the effects of the symptoms, including pain, or the individual's ability to work.'"). Importantly, "[a]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered. However, the ALJ must build an accurate and logical bridge from the evidence to his conclusion." Dobbing v. Colvin, CIVIL ACTION NO. 0:15-04030-MGL, 2016 WL 6246495, at *3 (D.S.C. Oct. 26, 2016) (citations omitted). Therefore,

7

"'[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" Monroe, 826 F.3d at 189 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)).

In the instant action, the R&R recognizes the inconsistency between the ALJ's statements concerning CTS. R&R at 45. In step two of the five-step evaluation process, the ALJ indicated that McDaniel failed to report any complaints with respect to the use of her hands and that CTS and carpal tunnel release were not documented in the record. Tr. 19. However, later in his opinion, the ALJ noted that McDaniel had complained of pain in her hands, Tr. 24, 26; had a tender Heberden's node and signs of arthritis in her hands, Tr. 25–26; had positive Phalen's maneuver bilaterally, Tr. 26; had been diagnosed with bilateral CTS, Tr. 26; had received carpal tunnel injections, Tr. 26; had received a referral to a hand surgeon, Tr. 27; and had undergone carpal tunnel release, Tr. 27. Despite the fact that the ALJ later recognized McDaniel's CTS diagnosis, as the magistrate judge correctly points out, the ALJ's RFC assessment fails to include limitations related to CTS. In addition, the ALJ's opinion fails to reference McDaniel's complaints to physicians concerning pain allegedly caused by GERD. See e.g., Tr. 336, 442, 444, 456, 458, 611, 832).

Even if the ALJ correctly found that McDaniel's CTS and GERD do not impose any functional limitations, he is still required to explain how he reached this conclusion. Nowhere in his opinion does the ALJ explain that he considered McDaniel's subjective complaints and the objective evidence of CTS and GERD in determining McDaniel's

8

RFC. Therefore, the ALJ failed to show that McDaniel's alleged limitations are consistent with the RFC. In sum, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." Therefore, on remand, the ALJ shall consider McDaniel's RFC in light of McDaniel's alleged CTS and GERD impairments. Once the ALJ conducts this analysis, the ALJ can proceed to steps four and five.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 31, 2017**
**Charleston, South Carolina**